IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDY L. GOMEZ, | No. CIV S-08-1317-LKK-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| D.K. SISTO, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 14) based on failure to exhaust state court remedies.

Petitioner was convicted of attempted murder, possession of a short-barrel shotgun, assault with a firearm, and felon in possession of a firearm.  With various sentencing enhancements, petitioner was sentenced to a term of 39 years to life in state prison.  Petitioner's conviction and sentenced were affirmed on direct appeal on March 8, 2007.  The California Supreme Court denied review on May 16, 2007.  Petitioner sought post-conviction relief from the California Supreme Court, which denied the petition on March 26, 2008.

/ / /

1

Respondents argue that petitioner did not raise the claims asserted in the instant federal petition as Grounds One, Four, and Five in either the petition for review or post-collateral petition filed with the California Supreme Court and, for this reason, these federal claims are unexhausted. Respondents admit that Grounds Two, Three, and Six are exhausted. In his opposition to respondents' motion to dismiss, petitioner states:

> . . . [P]etitioner respectfully requests the Court to deny respondent's [sic] motion to dismiss, specifically Ground one, and construe his petition more liberally, and held to less stringent standard pursuant to Haines v. Kerner, 404 U.S. 519 (1972).

Specifically, petitioner concedes at footnote one in his opposition that "Grounds four and five were not exhausted by the petition for review, but disagree on Ground one for not being exhausted." Thus, exhaustion is at issue with respect to Ground One only.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before the federal court can grant a claim presented in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims

must be presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee.  See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000).  It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident.  See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001).

Petitioner sets forth his grounds for relief in the federal petition by incorporating by reference his opening brief on direct appeal to the California Court of Appeal.  In Ground One, petitioner argues that he was denied a fair trial by the trial court's exclusion of a statement he made immediately after the victim was shot.  According to petitioner, right after he shot the victim – Miguel – he said:  "I could have killed you."[1]  Petitioner offers the following general statement in support of the claim:

> [Petitioner] submits the court erred in excluding this statement.
> The key question during this trial was Gomez' mental sate at the time he
> shot Miguel.  The statement is admissible under both [California]
> Evidence Code § 1240, allowing evidence of spontaneous declarations,
> and § 1250, allowing evidence of an existing mental or physical state.  The
> statement is not properly excludable under § 352.  [Petitioner] contends
> the trial court erred in its ruling, thereby denying [petitioner] a fair trial
> and due process of law under the federal and state constitutions.

---

[1] According to petitioner, his statement should have been admitted to establish that he did not intend to kill Miguel.  He claims that the statement shows that he merely intended to injure the victim, not kill him.

While petitioner references the due process of law under the federal constitution in passing, his argument is entirely based on California state law. In particular, petitioner asserts that the trial court abused its discretion in excluding the evidence under California Evidence Code § 352. He also argues that it should have come in under various exceptions to California's hearsay rule. Petitioner does not raise any specific arguments concerning fundamental fairness. Rather, his federal claim is entirely based on errors of state law.[2] Given that petitioner's federal claim incorporates by reference his brief on direct appeal, it is clear that no federal constitutional claim was presented on direct appeal to the California Court of Appeal.

In his petition for review to the California Supreme Court, petitioner again raises only arguments based on alleged errors in state law. As in his brief to the Court of Appeal, petitioner argues that the trial court erred in applying § 352. He raised two claims, which he summarizes in his petition for review as follows:

> I. This Court should grant review to clarify that exclusion under Evidence Code § 352 of key mental state evidence in the form of a statement by the accused made under circumstances such as found in the present case is an abuse of discretion; and
>
> II. This Court should grant review to clarify under what circumstances evidence of mental state can properly be excluded under Evidence Code § 352 in a case such as an attempted murder case where mental state is an element of the offense.

Petitioner never raises any due process argument. Thus, no federal constitutional claim was presented to the California Supreme Court in petitioner's petition for review.

In the habeas petition filed in the California Supreme Court, petitioner only raised claims relating to ineffective assistance of counsel. No federal constitutional claim regarding the trial court's evidentiary ruling was raised in the state habeas petition.

///

---

[2] It is interesting that respondents do not argue in their motion to dismiss that Ground One should be dismissed as not cognizable given that it is based on alleged errors of state law and does not include any due process argument.

Respondents argue in their motion to dismiss that this claim is unexhausted because petitioner "cited to neither federal law or decisions" when he raised this claim in state court. The court agrees. As discussed above, no federal constitutional component of Ground One was ever presented to the state court, let alone the highest state court. Petitioner's state court claim regarding exclusion of evidence were based entirely on state law.

Ground One should be dismissed as unexhausted. Because petitioner concedes that Grounds Four and Five are also unexhausted, they should be dismissed. Respondents concede that Grounds Two, Three, and Six are exhausted and this case should proceed on those claims only.

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss (Doc. 14) be granted;

2. Grounds One, Four, and Five be dismissed as unexhausted;

3. This case proceed on Grounds Two, Three, and Six only; and

4. Respondents be directed to file an answer on the merits of Grounds Two, Three, and Six.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE