IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDY L. GOMEZ, | No. CIV S-08-1317-LKK-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| D.K. SISTO, et al., | |
| Respondents. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion (Doc. 21) for an order staying this case and holding proceedings in abeyance ("stay-and-abeyance motion") pending exhaustion of claims in state court.  Respondents have filed an opposition.

      Petitioner raises six grounds for relief in his federal petition.  Respondents moved to dismiss the petition because some claims were not exhausted.  Specifically, respondents argued that the claims raised at Grounds One, Four, and Five were not raised in state court. Petitioner conceded that the claims at Grounds Four and Five were unexhausted, but argued that the claim at Ground One was exhausted.  In findings and recommendations issued on October 20, 2008, the court agreed with respondents that Ground One was unexhausted.

Before the findings and recommendations were presented to the District Judge assigned to this case, petitioner filed his stay-and-abeyance motion. In his motion, petitioner states that he will be filing an exhaustion petition in state court raising the following claims:

1. Ineffective assistance of counsel for failure to: (a) argue at sentencing that petitioner is a veteran suffering from post-traumatic stress disorder; (b) attack the sufficiency of the evidence regarding prior felonies; and (c) argue that a single prior conviction cannot be used to enhance petitioner's sentence;

2. Denial of due process resulting from the trial court's exclusion of petitioner's statement immediately after he shot the victim;

3. Denial of right to present a defense; and

4. Denial of due process and equal protection resulting from trial court's denial of motion to strike prior felony conviction.

The second claim outline above is Ground One in the federal petition which was discussed in the court's October 20, 2008, findings and recommendations. The third claim outlined above – regarding denial of petitioner's right to present a defense – appears to be at least similar to Ground Four raised in the instant federal petition. The fourth claim outlined above corresponds to Ground Five in the federal petition. Petitioner's ineffective assistance of counsel claim regarding his post-traumatic stress disorder is raised in the federal petition as Ground Six, which is already exhausted. Petitioner's other ineffective assistance of counsel claims – relating to prior convictions – do not appear to be part of the instant federal petition.

When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on

other grounds by Robbins, 481 F.3d 1143, applies.  See Jackson, 425 F.3d at 661.

Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case.  See Rhines v. Weber, 544 U.S. at 277.  If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics.  See id. at 278.  Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless.  See id. at 277.  If a stay-and-abeyance order is issued with respect to a mixed petition, the district court may employ a three-step procedure which involves: (1) the dismissal of unexhausted claims from the original petition; (2) a stay of the remaining claims pending exhaustion; and (3) amendment of the original petition to add newly exhausted claims that then relate back to the original petition.  See Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998).

Under Kelly, the district court is required to ". . . consider the option of holding the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in state court before attempting to amend his federal petition to include the newly exhausted claims."  Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070).  Whether to exercise this option is within the discretion of the district court.  See Kelly, 315 F.3d at 1070.  However, the Ninth Circuit has recognized the ". . . clear appropriateness of a stay when valid claims would otherwise be forfeited."  Id.  Moreover, a stay under such circumstances promotes comity by deferring the exercise of federal jurisdiction until after the state court has ruled.  See id.

In this case, petitioner's current federal petition is clearly mixed in that it contains both exhausted claims (Grounds Two, Three, and Six) and unexhausted claims (Grounds One, Four, and Five).  Therefore, even though petitioner appears to be seeking leave to return to state court to exhaust unexhausted claims currently raised in the federal petition as well as new ineffective assistance of counsel claims not raised in the current federal petition, petitioner's stay-

and-abeyance motion is analyzed under Rhines.  In particular, Kelly does not apply because the current petition is not fully exhausted.  Petitioner is simply incorrect when he states in his stay-and-abeyance motion that the current federal petition contains only exhausted claims.  In fact, in response to respondents' motion to dismiss, petitioner conceded that Grounds Four and Five were unexhausted.  This apparently is why those claims are listed among the claims petitioner wants to raise in the state court in an exhaustion petition.

      Under Rhines, petitioner must show good cause for failure to exhaust claims earlier.  Petitioner has made absolutely no showing in this regard.  For this reason, petitioner's stay-and-abeyance motion should be denied and the October 20, 2008, findings and recommendations should be adopted.  Grounds One, Four, and Five should be dismissed as unexhausted and this case should proceed on Grounds Two, Three, and Six only.

      Based on the foregoing, the undersigned recommends that petitioner's stay-and-abeyance motion (Doc. 21) be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 24, 2008

                                              /s/ Craig M. Kellison
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE